UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

| | |
|---|---|
| NATIONWIDE INSURANCE COMPANY<br>OF AMERICA<br>1100 Locust Street<br>Des Moines, Iowa 50391-1100<br><br>    Plaintiff,<br><br>v.<br><br>ANTHONY C. ROGERS<br>2913 Stanwix Lane<br>North Chesterfield, VA  23234<br><br>    Defendant. | Case No. __3:20cv698__ |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff, Nationwide Insurance Company of America ("Plaintiff" or "Nationwide"), by counsel, pursuant to 28 U.S.C. § 2201, Rule 57 of the Federal Rules of Civil Procedure, and the Local Rules of the United States District Court for the Eastern District of Virginia, states as follows for its Complaint for Declaratory Judgment against the defendant, Anthony C. Rogers ("Rogers" or the "Defendant").

### PARTIES

1. Plaintiff Nationwide is an insurance company, organized and existing under the laws of the State of Ohio, with its principal place of business located in Des Moines, Iowa. Nationwide, therefore, is not a citizen of Virginia. Nationwide submits itself to the jurisdiction of this Court.

2. Defendant Rogers is natural person who resided at 2913 Stanwix Lane, North

Chesterfield, Virginia, 23234, at all times relevant to this action. Defendant Rogers, therefore, is a citizen of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

4. The venue of this action is properly predicated on 28 U.S.C. § 1391, 28 U.S.C. §127, and Rule 3 of the Local Rules of the United States District Court for the Eastern District of Virginia, in that jurisdiction is founded on diversity of citizenship and this action is brought in the judicial district and division in which the Defendant resides, and/or in which the Defendant is subject to personal jurisdiction, including the delivery of the Nationwide Auto Policy (as described below) to the named insured, Carolyn B. Rogers, at 2913 Stanwix Lane, North Chesterfield, Virginia, 23234, and where a substantial part of the events or omissions giving rise to the claim occurred, namely the automobile accident that occurred in Chesterfield County, Virginia on or about February 22, 2020.

## THE INSURANCE CONTRACT

5. Nationwide issued a contract of automobile insurance to Carolyn B. Rogers as the named insured, bearing policy number 5345J 231469, effective from October 11, 2019, through April 11, 2020 (the "Nationwide Policy").

6. A true, accurate, and certified copy of the Nationwide Policy is attached as **Exhibit 1** and is incorporated by reference as if fully restated herein.

7. Upon information and belief, the named insured, Carolyn B. Rogers, is Defendant Rogers's mother.

8. There are no other insurance policies issued or written by Nationwide, or any affiliate insurance carrier of Nationwide, that could afford insurance coverage or benefits to Defendant Rogers for the claims and causes of action hereinafter described, other than the Nationwide Policy.

9. All necessary and indispensable parties to this adjudication have been properly joined herein.

## THE UNDERLYING CLAIM

10. On or about February 22, 2020, Defendant Rogers was involved in an automobile accident (the "Accident") which occurred at or near mile marker 9.2 of the Southbound lane of Virginia Route 150 located in Chesterfield, Virginia.

11. At the time of the Accident, Rogers was driving a 2005 Honda Accord (the "Rogers Vehicle"), of which Rogers is or was the registered owner.

12. Upon information and belief, the Rogers Vehicle was insured at the time of the Accident under a policy of automobile insurance issued to Rogers by State Farm Mutual Auto Insurance Company (the "State Farm Policy").

13. The State Farm Policy provided limits of liability of $25,000 per person and $50,000 per occurrence.

14. A true copy of the Declarations of the State Farm Policy is attached as **Exhibit 2** and incorporated by reference as if fully restated herein.

15. At the time of the Accident, Jessica Caballero was driving 2008 Volkswagen Passat (the "Caballero Vehicle"), of which Elsa M. Oliver is or was the registered owner.

16. Upon information and belief, the Caballero Vehicle was insured at the time of the Accident under a policy of automobile insurance issued to Caballero by The General Automobile

{02179526.DOCX }

Insurance Company, Inc. (the "General Policy").

17. A true copy of the Declarations of the General Policy is attached as **Exhibit 3** and is incorporated by reference as if fully restated herein.

18. The General Policy provided limits of liability of $25,000 per person and $50,000 per occurrence.

19. At the time of the Accident, Ms. Caballero was driving south on Route 150 in the right-most of three lanes when an unidentified driver (the "Unknown Driver") is alleged to have begun to merge from the middle lane into the right-hand lane, then occupied by Ms. Caballero.

20. It is alleged that Ms. Caballero responded by swerving onto the right shoulder, continuing across a median, and then into the onramp from Strathmore Road.

21. Rogers was driving the Rogers Vehicle up the onramp from Strathmore Road, and was preparing to enter the roadway of Route 150, when he was struck by Ms. Caballero's vehicle.

22. The impact of the Caballero Vehicle caused the Rogers Vehicle to flip over the guardrail.

23. Ms. Caballero alleged that she was forced out of her lane and offer the road by the Unknown Driver.

24. As a result of the Accident, Rogers has alleged that he has incurred medical expenses and other damages in excess of $1,000,000.00.

25. At the time of the Accident, Rogers was a resident of Carolyn Rogers' household and, as such, was an "insured" as that term is defined in the Nationwide Policy

26. At the time of the Accident, the Nationwide Policy provided uninsured/underinsured motorist limits of $250,000 per person and $500,000 per occurrence.

27. Nationwide has offered to Rogers payment in the amount of $250,000.00, the full

per-person uninsured/underinsured motorist coverage available for any one person in any one accident under the Nationwide Policy.

28. Rogers has declined to accept Nationwide's tender of its policy limits, arguing that Nationwide must provide both uninsured motorist coverage of $250,000, and underinsured motorist coverage of $250,000 (a total of $500,000.00) to Rogers as a result of the Accident.

29. Rogers has alleged that Rogers is entitled to uninsured motorist coverage as a result of the actions of the alleged Unknown Driver as well as underinsured motorist coverage as a result of the actions of Cabellero, and Nationwide has denied that Rogers is entitled to both uninsured motorist coverage of $250,000, and underinsured motorist coverage of $250,000 (a total of $500,000.00) as a result of the Accident.

30. Therefore, there exists an actual controversy and dispute between the parties hereto involving the limits of uninsured/underinsured motorist coverage available to Rogers from the Nationwide Policy.

31. Nationwide denies that is has any obligation to provide uninsured/underinsured motorist coverage in excess of the limit of $250,000.00 for any one person in any one accident under the terms and conditions of the Nationwide Policy.

32. Nationwide stands ready to issue payment in the amount of $250,000.00 to Rogers, representing the full policy limits of the Nationwide Policy for underinsured motorist coverage arising out of the Accident.

**WHEREFORE**, having set forth the grounds for its Complaint for Declaratory Judgment, Nationwide prays as follows:

A. That this Court finds it has jurisdiction to issue declaratory judgment as to the rights and obligations of the parties hereto; that it finds venue is proper in this Court for the adjudication

{02179526.DOCX }

of the rights and obligations of the parties as to the Nationwide Policy that is the subject of this action; and that it finds all necessary and essential parties have been properly joined herein; and

   B. That this Court finds the Nationwide Policy affords a maximum of $250,000.00 to or for any one person for all uninsured and, or, underinsured motorist claims arising from any one occurrence; and

   C. That this Court finds Rogers is entitled to only one limit of underinsured motorist insurance in the amount of $250,000.00 from the Nationwide Policy, arising out of the Accident; and

   D. That this Court enters an Order incorporating all of the above described findings of fact and conclusions of law; and

   E. That this Court grants to Nationwide such further relief as it might deem appropriate.

            NATIONWIDE INSURANCE COMPANY
            OF AMERICA

            By Counsel

____*/s/ Daniel L. Robey*_____
Daniel L. Robey, Esquire
Virginia State Bar Number: 15531
Midkiff, Muncie & Ross, P.C.
10461 White Granite Drive
Suite 225
Oakton, VA 22124
Phone: 703-938-5989
Fax: 703-938-5980
drobey@midkifflaw.com

Diane U. Montgomery, Esq.
Virginia State Bar Number 31850
Midkiff, Muncie & Ross, P.C.
300 Arboretum Place
Suite 420
Richmond, Virginia  23236
Phone:  (804) 560-9600
Fax:  (804) 560-5997
dmontgomery@midkifflaw.com

*Counsel for Plaintiff Nationwide*
 *Insurance Company of America*